# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DWIGHT L. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-20-0197-F |
| | ) | |
| THE UNITED STATES OF AMERICA, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This action is brought by Dwight L. Allen, a Georgia state prisoner appearing *pro se*. Plaintiff's pleadings are liberally construed.

The Report and Recommendation of Magistrate Judge Gary M. Purcell is before the court. Doc. no. 5 (the Report, filed March 11, 2020). On review under 28 U.S.C. § 1915A, Magistrate Judge Purcell recommends dismissing this case without prejudice for lack of subject matter jurisdiction. Mr. Allen objects to the Report (doc. no. 6), which is reviewed *de novo*.

The complaint alleges that Mr. Allen is the descendent of grandparents who were enslaved by the Chickasaw Indian Nation. Based on that status, he brings claims for breach of treaty obligations, primarily the 1866 Treaty between the Chickasaw and Choctaw Nations and the United States. He alleges the United States "breached treaty obligations by failing to follow through with the 'removal' of the ex-slaves/freedmen who wanted to be removed from among the Indian Tribes and awarded their own land & moneys promised them via treaty." Doc. no. 1, p. 5. After reviewing plaintiff's claims in more detail than is necessary here and setting out the

applicable law, the Report recommends dismissal on the ground "that subject matter jurisdiction to hear Plaintiff's claims based on the 1866 Treaty is enjoyed by the Federal Claims Court, rather than this court." Doc. no. 5, p. 5. The Report concludes that this court must either dismiss the complaint for lack of subject matter jurisdiction or transfer this case to Federal Claims Court if transfer is in the interest of justice. *Id*. at 8. The Report recommends dismissal rather than transfer.

Mr. Allen objects to the Report on various grounds which he groups into three numbered paragraphs. The court addresses, below, some of his primary arguments. That said, all of Mr. Allen's arguments offered in support of his objections have been considered, whether or not listed below.

(1). Mr. Allen argues the Report fails to consider the fact that his ancestors were born and raised in Oklahoma Territory, Indian Land, under the control of the federal government. He argues that once the treaty was signed to end slavery within the tribes, his ancestors should have been made citizens of Oklahoma and the United States and that he is protecting not only the rights of his ancestors but also the honor of his ancestors. He asks the court to correct the government's mishandling of this issue, arguing the court should compel congressional talks pertaining to the citizenship of the "souls who weathered the storm of slavery, and were unable to rest in peace in the land of their birth." Doc. no. 6, p. 2. These arguments are an elaboration of certain ways in which Mr. Allen contends the United States has breached its treaty obligations, which is the general subject of his complaint. For reasons stated in the Report, the court does not have jurisdiction over the complaint, and these objections are rejected.

(2). Mr. Allen says he is confused by the Report's statement that the court has the authority to transfer this case, if transfer is in the interest of justice. He argues that every court has a duty to administer justice, which he asks this court to do. Mr. Allen argues that his complaint shows his ancestors were registered freedmen,

making them eligible for money and land promised to them via treaty. Mr. Allen's arguments for justice re-frame the arguments he presents in his complaint, over which the court has no jurisdiction. As for the Report's recommendation against transfer, the court agrees with the magistrate judge that transfer would not be in the interest of justice. These grounds for objection are rejected.

(3). Mr. Allen argues the Report is mistaken to the extent it bases the recommendation for dismissal on the magistrate judge's conclusion that plaintiff's entire complaint is based on the 1866 Treaty between the Chickasaw and Choctaw Nations and the United States. The Report notes that Mr. Allen relies "primarily" on this treaty. Doc. no. 5, p. 4. This ground for objection is rejected.

After careful consideration, plaintiff's objections to the Report are **DENIED**. Doc. no. 6. The Report and Recommendation of the magistrate judge is **ACCEPTED**, **ADOPTED** and **AFFIRMED.** Doc. no. 5. As recommended by the magistrate judge, this action is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

IT IS SO ORDERED this 1st day of April, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0197p001.docx